IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| LOIS LAIRD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 07-4226-CV-C-WAK |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| INTERIOR, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

  Plaintiff Lois Laird filed suit under the Federal Torts Claim Act, 28 U.S.C. § 1346(b), after she fell at Ozark National Scenic Riverways in Shannon County, Missouri. She tripped on the raised edge of a sidewalk, fell, and broke her left hip. Defendant United States Department of the Interior seeks summary judgment on the basis that plaintiff's claims are barred by the Missouri Recreational Use Act, Mo. Ann. Stat. §§ 537.345 - 537.348 (West 2000 & Supp. 2008).

  Plaintiff did not respond in opposition to the motion within the time limits set by Local Rule 56.1(b) or in response to the court's order of March 12, 2008. Thus, plaintiff does not appear to oppose the entry of judgment.

  Fed. R. Civ. P. 56(c) requires "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden on the party moving for summary judgment "is only to demonstrate . . . that the record does not disclose a genuine dispute on a material fact." City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op., 838 F.2d 268, 273 (8th Cir. 1988).

  Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories, and

admissions on file," that there is a genuine issue of fact to be resolved at trial.  Celotex, 477 U.S. at 323.  Evidence of a disputed factual issue which is merely colorable or not significantly probative, however, will not prevent entry of summary judgment.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Summary judgment, however, "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact."  Hass v. Weiner, 765 F.2d 123, 124 (8th Cir. 1985).  In ruling on a motion for summary judgment, this court must view all facts in a light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts.  Robinson v. Monaghan, 864 F.2d 622, 624 (8th Cir. 1989).

If "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law," the court must grant summary judgment.  Fed. R. Civ. P. 56(c).

Ozark National Scenic Riverways is federally-owned recreational land that is open to the public.  No fee is charged for most uses of the park, and plaintiff did not pay a fee for any use of the park on the day of her injury.

The Missouri Recreational Use Act limits liability or immunizes landowners who permit the public to use the land free-of-charge for recreational purposes.  Under the statute, the landowner does not have a duty of care to keep the land safe for recreational use or to warn users of any natural or artificial condition, structure or personal property on the land.  Mo. Ann. Stat. § 537.346.

For reasons set forth in defendant's motion, the United States is entitled to the benefit of state recreational use statutes when sued under the Federal Tort Claims Act.  See United States v. Wilson, 989 F.2d 953, 955-56 (8th Cir. 1993).

In this case, plaintiff was on the land for recreational purposes and was not charged a fee.  The Missouri Recreational Use Act provides tort immunity under these circumstances and the defendant is entitled to judgment.  Accordingly, it is

ORDERED that defendant's motion of January 30, 2008, for summary judgment is granted and plaintiff's claims are dismissed.  [2]

Dated this 9th day of April, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge